## LOVINA L. PARKER V. W. R. BIDDLE.

STATUTE OF LIMITATION; *Action, Unmaintainable.* Where P. and B. each claims to own a certain note and mortgage against R., and B. wrongfully obtains the same from P., and long after the same are due R. pays to B. $500 thereon, and B. then surrenders the note to R. and cancels the mortgage, and afterward, in a foreclosure suit by P. against R., and B. and others, it is determined that P. owns the note and mortgage, and judgment is rendered accordingly, in favor of P., and against R., for the amount of the note and mortgage, and the mortgaged property is ordered to be sold to satisfy such judgment, and the property is sold accordingly, but it does not bring enough to satisfy the judgment, and R. is insolvent, and P. then commences this action against B. for damages, setting up the foregoing facts as the foundation for her action, which action is commenced more than seven years after said note and mortgage were wrongfully obtained by B. from P., and nearly six years after B. received from R. said $500, and surrendered said note and canceled said mortgage, *held*, that the action cannot be maintained.

### *Error from Linn District Court.*

AT the April Term, 1879, of the district court, *Biddle*, as defendant, had judgment against *Parker*, as plaintiff, who brings the case here. The nature of the action, and the facts, sufficiently appear in the opinion.

*James D. Snoddy*, for plaintiff in error.

*W. R. Biddle*, defendant in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: This is an anomalous action. Lovina M. Parker was and is the plaintiff, and W. R. Biddle was and is the defendant. The principal facts as set forth in the plaintiff's petition are substantially as follows: On April 29, 1870, Philip B. Rich executed a note, and a real-estate mortgage to secure it, to Enoch Johnson, for $4,000, due in one year after date. Johnson transferred this note and mortgage to the plaintiff. On November 20, 1870, Johnson died. In April, 1871, Biddle, as administrator of Johnson's estate, claimed said note and mortgage, and by threats of prosecuting the plaintiff for a felony, obtained from her said note and mortgage. On July 22, 1872, Biddle collected $500 on said note and mortgage from Rich, the payer thereof, and surrendered the note, and canceled the mortgage — making an entry of cancellation and satisfaction on the records of the register of deeds. The mortgagor, and a grantee of his, had the possession of the property, and its use, without paying rents or taxes, and so used it as to depreciate its value. The plaintiff foreclosed said note and mortgage — making Biddle, and all others claiming any interest in said note or mortgage or land, parties. Biddle defended said foreclosure suit—denying the plaintiff's right to said note and mortgage, and claiming to own the same himself. He also caused the other parties to defend. On May 6, 1877, judgment was rendered in the foreclosure suit in favor of the plaintiff and against all the defendants. The plaintiff was adjudged to be the owner of said note and mortgage, and entitled to foreclose the same, and judgment was rendered accordingly in her favor and against the payer thereof, for the amount of the note and mortgage, and the mortgaged property was ordered to be sold to satisfy such judgment. The property was sold accordingly, but it did not sell for enough to satisfy the judgment; and Rich, the judgment debtor, is insolvent. On May 15, 1878, the plaintiff commenced this action, setting up the foregoing facts, and praying for a judgment against Biddle for

$3,604 damages, and the costs of suit. The defendant demurred to the plaintiff's petition, on the grounds that it did not state facts sufficient to constitute a cause of action in her favor and against him, and that any supposed cause of action intended to be set forth in the petition was barred by the two-years, three-years, and five-years statutes of limitation. The court below sustained the demurrer; and this is the only ruling of the court below complained of.

We suppose there can be no question as to the correctness of this ruling. The question as to the ownership of the note and mortgage, including everything connected therewith, was adjudicated and settled in the foreclosure suit. The alleged trespass or wrong in taking and withholding the note and mortgage was barred by the said statutes of limitation long before this action was commenced. The $500 alleged to have been received by Biddle from Rich on the note and mortgage should be paid back to Rich, and not to the plaintiff. And Rich and his grantee had a right to the use and enjoyment of the mortgaged property, until it was finally sold away from them in the foreclosure suit. The plaintiff's note and mortgage, of course, continued to draw interest during the whole of the litigation, and such interest was probably of more value than the use of the land; but whether it was or not is entirely immaterial, for the plaintiff had no right to the use of the land. But we have said enough concerning this curious case. The judgment of the court below will be affirmed.

All the Justices concurring.